UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WISCONSIN – MILWAUKEE DIVISION

| | | |
|---|---|---|
| J. BEYER | : | |
| | : | |
| Plaintiff, | : | CASE NO.: |
| | : | |
| | : | COMPLAINT FOR: |
| v. | : | |
| | : | BREACH OF THE EMPLOYEE |
| | : | RETIREMENT INCOME |
| THE LINCOLN NATIONAL LIFE | : | SECURITY ACT OF 1974; |
| INSURANCE COMPANY, | : | ENFORCEMENT AND |
| | : | CLARIFICATION OF RIGHTS; |
| Defendants. | : | PREJUDGMENT AND |
| | : | POSTJUDGMENT INTEREST; |
| | : | AND ATTORNEYS' FEES AND |
| | : | COSTS |
| | : | |
| | : | |

## PLAINTIFF'S COMPLAINT FOR ERISA BENEFITS

Plaintiff J. Beyer files this Complaint seeking ERISA governed employee benefits from Defendant THE LINCOLN NATIONAL LIFE INSURANCE COMPANY based upon the following:

### PRELIMINARY ALLEGATIONS

1. "Jurisdiction" - This action is brought under 29 U.S.C. §§ 1132(a), (e), (f) and (g) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") as it involves a claim by Plaintiff for employee benefits under an employee benefit plan regulated and governed under ERISA. Jurisdiction is predicated under these code sections as well as 28 U.S.C. § 1331 as this action

involves a federal question. This action is brought for the purpose of recovering benefits under the terms of an employee benefit plan, enforcing Plaintiff's rights under the terms of an employee benefit plan, and to clarify Plaintiff's rights to future benefits under the employee benefit plan. Plaintiff seeks relief, including but not limited to, payment of the benefits due under the terms of her plan, prejudgment and post-judgment interest, reinstatement to the benefit plan at issue herein, and attorneys' fees and costs.

2. Plaintiff was, at all times relevant, an employee of a private entity located in Polk County, Wisconsin. While she was employed, her employer established an ERISA governed Long Term Disability plan, which was insured via a group long term disability policy issued to her employer's plan by Defendant Lincoln National. The policy issued by Lincoln National to Plaintiff's employer was Policy Number: GD/GF3-890-LF0592-01 The Plan was administered, and the breach took place, in Polk County, Wisconsin.

3. Defendant Lincoln Life Assurance Company of Boston ("Lincoln") is a corporation with its principal place of business in the State of Nebraska, authorized to transact and transacting business in the Western District of Wisconsin and can be found in the Western District of Wisconsin.

4. Lincoln is the insurer of benefits under the Plan and acted in the capacity of the Plan insurer and the Plan claims administrator.

5. Plaintiff is informed and believes that the group policy issued by Lincoln National was issued with the intent to provide long term disability coverage to residents of the State of Wisconsin.

## FIRST CLAIM FOR RELIEF
## (29 U.S.C. § 1132(a)(1)(B))

6.　　Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

7.　　At all times relevant, Plaintiff was employed and was a covered participant under the terms and conditions of her employer's Long Term Disability Plan.

8.　　During Plaintiff's employment, Plaintiff became entitled to benefits under the terms and conditions of the Plan.  Specifically, while Plaintiff was covered under the LTD Plan, Plaintiff suffered a disabling medical condition rendering Plaintiff disabled as of May 18, 2023, as defined under the terms of the Plan.

9.　　Pursuant to the terms of the LTD Plan, Plaintiff made a claim to Lincoln for LTD benefits under the Plan.  Lincoln assigned Claim #: 14584862.  Lincoln approved her claim and paid benefits from August 17, 2023, through August 16, 2025, at which time it terminated the payment of benefits.

10.　　Pursuant to the ERISA claims handling regulations, which govern Long Term Disability claims, Plaintiff had 180 days, or until February 16, 2026.

11.　　From the date she gave Lincoln notice of her intent to appeal the termination of her benefits, through September 9, 2025, Plaintiff provided additional support related to her inability to work due to physical conditions.

12.　　On September 10, 2025, Lincoln e-mailed to the Plaintiff a letter providing her with the clinical review it intended to utilize to support the termination of her benefits, and gave her until September 25, 2025, to provide rebuttal information, despite the fact that she still had almost five months to complete her appeal.

3

13. On September 25, 2025, Lincoln advised the Plaintiff that her appeal had been denied, even though her appeal submission was not complete.

14. After receiving the September 25, 2025 denial letter from Lincoln, Plaintiff retained counsel. On October 9, 2025, unsure of the status of her claim, and recognizing that Plaintiff's 180 period to finalize her appeal still had over four months to run, Plaintiff wrote to Lincoln seeking what was denominated as a "second voluntary appeal." The letter advised Lincoln exactly what information would be submitted to further support Plaintiff's benefit claim.

15. On October 13, 2025, Lincoln advised Plaintiff's counsel that it would not consider additional evidence, demonstrating that it was not administering the claim solely in the interests of its insured, as mandated by the U.S. Supreme Court, but rather in a manner to further its own financial interests.

16. Defendant has breached the Plan and violated ERISA in the following respects:

(a) Lincoln failed to pay LTD benefit payments to Plaintiff at a time when Defendant knew, or should have known, that Plaintiff was entitled to those benefits under the terms of the Plan;

(b) Lincoln failed to provide a prompt and reasonable explanation of the basis relied on under the terms of the Plan documents, in relation to the applicable facts and Plan provisions, for the denial of Plaintiff's claim for LTD benefits;

(c) Lincoln failed to adequately describe to Plaintiff any additional material or information necessary for Plaintiff to perfect her claim along with an explanation of why such material is or was necessary; and

(d) Lincoln failed to properly and adequately investigate the merits of Plaintiff's disability claim and failed to provide a full and fair review of Plaintiff's claim.

    (e)    Lincoln failed to act in Plaintiff's interests, by both failing to advise her as to information/medical evidence which could support her claim, and refusing to consider such information when it requested to permit counsel to obtain and provide such information.

17.    Plaintiff was in the process of exhausting all administrative remedies required under ERISA when Lincoln prematurely closed her appeal and Plaintiff has performed all duties and obligations on Plaintiff's part to be performed under the Plan.

18.    As a proximate result of the wrongful conduct of Lincoln, Plaintiff has damages for loss of disability benefits in a total sum to be shown at the time of trial.

19.    As a further direct and proximate result of this improper determination regarding Plaintiff's LTD claim, Plaintiff, in pursuing this action, has been required to incur attorneys' costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), Plaintiff is entitled to have such fees and costs paid by Defendant.

20.    The wrongful conduct of Lincoln has created uncertainty where none should exist, therefore, Plaintiff is entitled to enforce her rights under the terms of the Plan and to clarify her right to future benefits under the terms of the Plan.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff prays for relief against Defendant as follows:

1.    Payment of disability benefits due to Plaintiff;

2.    An order declaring that Plaintiff is entitled to an award of LTD benefits, and that benefits are to continue to be paid under the LTD Plan for so long as Plaintiff remains disabled under the terms of the LTD Plan;

3.    In the alternative to the relief sought in paragraphs 1 and 2, an order remanding Plaintiff's claim to the claims administrator to permit Plaintiff to

finalize her appeal with the information which Lincoln failed to advise her was necessary to support her benefit claim;

4.     Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

5.     Payment of prejudgment and post-judgment interest as allowed for under ERISA; and

6.     Such other and further relief as this Court deems just and proper.

DATED:  October 22, 2025                    KANTOR & KANTOR, LLP

                                                   By:   */s/ Martina Sherman*
                                                       Martina Sherman
                                                       Attorneys for Plaintiff,
                                                       J. BEYER